# LITTLER MENDELSON®
A PROFESSIONAL CORPORATION

April 28, 2008

Andrew P. Marks
Direct: 212.583.2661
Direct Fax: 212.832.2719
amarks@littler.com

**BY ECF AND HAND DELIVERY**

The Honorable Judge Richard J. Sullivan
Judge of the U.S. District Court
Southern District of New York
Daniel Patrick Moynihan
  United States Courthouse
500 Pearl St., Room 615
New York, NY 10007

Re:   *James Dreyfuss v. eTelecare Global Solutions-US, Inc.*
      **Case No. 08 CV 1115 (RJS)**

Dear Judge Sullivan:

Based on Your Honor's Individual Practices, we write on behalf of Defendant eTelecare Global Solutions, Inc. to request that the Court hold a pre-motion conference so that eTelecare may move to compel arbitration of Plaintiff's claims or, in the alternative, to strike Plaintiff's jury demand. Defendant also requests that the Court extend Defendant's deadline to answer, move or otherwise respond to Plaintiff's Complaint from April 30, 2008 to a date determined by the Court's briefing schedule for the proposed motion.[1]

## I.   OVERVIEW

Plaintiff signed an arbitration agreement with eTelecare as a condition of his employment with eTelecare but he refuses voluntarily to arbitrate his claims for sales commissions allegedly because eTelecare is unable to produce the exact agreement plaintiff signed. Plaintiff worked remotely and faxed the cover page and signature page of the arbitration agreement from his home in New York to eTelecare's offices. The pages faxed by plaintiff demonstrate his commitment to arbitrate the claims in question, but the pages of the agreement discussing procedural aspects of the arbitration process are missing. The loss of these pages is not sufficient to void the agreement to arbitrate and Defendant now seeks an order compelling plaintiff to arbitrate his claims or to negotiate in good faith over the procedural process, or simply striking the plaintiff's jury demand.

---

[1]  Defendant is prepared to submit its motion immediately should the Court request that it do so.

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM℠
885 Third Avenue, 16th Floor, New York, New York 10022.4834  Tel: 212.583.9600  Fax: 212.832.2719  www.littler.com

ALABAMA
ARIZONA
ARKANSAS
CALIFORNIA
COLORADO
CONNECTICUT
DISTRICT OF COLUMBIA
FLORIDA
GEORGIA
ILLINOIS
INDIANA
MASSACHUSETTS
MINNESOTA
MISSOURI
NEVADA
NEW JERSEY
NEW YORK
NORTH CAROLINA
OHIO
OREGON
PENNSYLVANIA
RHODE ISLAND
SOUTH CAROLINA
TEXAS
VIRGINIA
WASHINGTON

The Honorable Judge Richard J. Sullivan
April 28, 2008
Page 2

## II.  ARGUMENT

### A.  The FAA requires that the agreement be enforced.

The Federal Arbitration Act ("FAA") requires courts to enforce arbitration agreements, reflecting the federal policy strongly favoring arbitration as an alternative dispute resolution process. 9 U.S.C. § 1, *et seq. See also Gold v. Deutsche Bank*, 365 F.3d 144, 147-48 (2d Cir. 2004) In that regard, the Second Circuit Court of Appeals has articulated four criteria for determining whether to compel arbitration: (1) whether there is an agreement to arbitrate; (2) whether the asserted claims fall within the scope of the arbitration agreement; (3) if federal statutory claims are at issue, whether Congress intended those claims to be non-arbitrable; and (4) if only some of the claims are subject to arbitration, whether to stay the balance of the proceedings pending arbitration. *Genesco, Inc. v. T. Kakiuchi & Co., Ltd.*, 815 F.2d 840, 844-52 (2d Cir. 1987).

These criteria are easily met. First, Plaintiff entered into a written agreement in which he agreed to arbitrate all claims or controversies arising out of his employment or termination of that employment with Defendant. Second, Plaintiff's claims falls squarely within the ambit of the agreement he signed because his wage claim is clearly a claim or controversy arising out of his employment. Additionally, Defendant's standard arbitration agreement defines covered claims to include wages claims. Third, Plaintiff's statutory claim under New York Labor Law, which authorizes a civil action under Section 198, is arbitrable, and nothing in the Labor Law precludes arbitration of such claims. *See, e.g., Le Roux v. Shearson Lehman Hutton, Inc.*, 160 A.D.2d 1091, 553 N.Y.S.2d 572 (3rd Dept. 1990) (compelling arbitration of labor law claim seeking remuneration for commissions, bonuses and other compensation). Fourth, the final part of the Second Circuit's inquiry, *i.e.* whether non-arbitrable claims should be stayed pending arbitration, is inapplicable here because Plaintiff's claims are all arbitrable. *Oldroyd v. Elmira Sav. Bank*, 134 F.3d 72, 76 (2d Cir. 1998).

### B.  Plaintiff cannot avoid arbitration due to the loss of the single integrated arbitration agreement.

An incomplete contract does not bar the enforcement of its provisions, and one who signs a written agreement is bound by its terms unless he can show fraud, duress or some other wrongful act on the part of the other party. *See Matter of Barone*, 143 A.D.2d 1008, 1009, 533 N.Y.S.2d 611, 611-12 (2nd Dept. 1988) (finding that party was bound by arbitration provision in agreement assumed by the party despite the fact that ten pages were missing from the 12 page agreement). No such circumstances exist here to prevent enforcement. Rather it is uncontested that the parties intended to enter into an arbitration agreement. Plaintiff's employment was conditioned on this, and he faxed the first and last pages of the agreement to Defendant. That first page contains Plaintiff's agreement to submit all claims and controversies from his employment to arbitration. Although Plaintiff might be able to

The Honorable Judge Richard J. Sullivan
April 28, 2008
Page 3

contest what arbitration procedures should be followed since those pages of the agreement are missing, he cannot legitimately contest that he entered into an agreement to arbitrate. Plaintiff should be compelled to negotiate in good faith over the arbitration procedure to be followed, or the Court may find that the terms of the standard arbitration agreement in use by eTelecare at or about the time Plaintiff signed his arbitration agreement should apply here as well.

Alternatively, if the Court does not enforce Plaintiff's agreement to arbitrate, it should still enforce his agreement to waive a jury trial as evidenced by his signature under his express agreement to do so on the other page of the agreement he faxed to Defendant in 2004.

### III.    CONCLUSION

For these reasons, Defendant requests a conference so that the parties may have an opportunity to fully brief and be heard on the foregoing issues. Defendant further requests that the Court extend Defendant's deadline to answer, move or otherwise respond to Plaintiff's Complaint from April 30, 2008 to a date to be determined by the Court's briefing schedule for the proposed motion.

Respectfully submitted,

Andrew P. Marks

cc:    Peter Jakab, Esq.