UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES DREYFUSS,<br><br>      Plaintiff,<br><br>-against-<br><br>ETELECARE GLOBAL SOLUTIONS-US, INC.,<br><br>      Defendant. | 08 CV 1115 (RJS)<br><br>**DECLARATION OF<br>ANDREW P. MARKS** |

  **Andrew P. Marks**, pursuant to 28 U.S.C. §1746, declares as follows:

  1. I am an attorney associated with the firm of Littler Mendelson, P.C., attorneys for Defendant eTelecare Global Solutions-US, Inc. I submit this declaration in support of Defendant's motion to compel arbitration or, in the alternative, to strike Plaintiff's jury demand.

  2. Annexed hereto as Exhibit A is a true and accurate copy of Plaintiff James Dreyfuss' Complaint filed with the Court in February 2008.

  3. Annexed hereto as Exhibit B is a true and accurate copy of the April 15, 2008 email correspondence from Plaintiff's attorney, Peter Jakab, to Andrew P. Marks.

  4. Annexed hereto as Exhibit C is a true and accurate copy of the April 14, 2008 email correspondence from Andrew P. Marks to Peter Jakab.

  I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

  Executed this 22nd day of May, 2008, in New York, New York.

                      ANDREW P. MARKS

Firmwide:85022966.1 059182.1001

**EXHIBITS TO MARKS DECLARATION**

Exhibit A          Plaintiff James Dreyfuss' Complaint, filed February 2008

Exhibit B          April 15, 2008 email correspondence from Plaintiff's attorney, Peter Jakab, to Andrew P. Marks

Exhibit C          April 14, 2008 email correspondence from Andrew P. Marks to Plaintiff's attorney, Peter Jakab

# EXHIBIT A

Peter Jakab (PJ-8553)
FEIN & JAKAB
THE WOOLWORTH BUILDING
233 Broadway • Suite 930
New York, NY 10279
212 732 9290 Ph
212 227 6479 Fx
*Attorneys for Plaintiff*
JAMES DREYFUSS



**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

JAMES DREYFUSS,

                Plaintiff,

- against -

ETELECARE GLOBAL SOLUTIONS-US, INC., a Delaware corporation,

                Defendant.

JUDGE SULLIVAN

ECF CASE

08 CV 1115
Case No.:

**COMPLAINT**

      Plaintiff, James Dreyfuss, by and through his attorneys undersigned, as and for his Complaint alleges as follows:

### INTRODUCTION AND SUMMARY

    1.    This is an action for willful failure to pay employment wages in the form of sales commissions.

    2.    After working for the Defendant as its commission salesman for 3 years, Plaintiff was fired suddenly and without warning at a time just before: (a) his commissions were to be paid to him on his largest sales, and (b) large sales he'd been working on for almost a year were about to close.

    3.    After being so fired, Defendant has refused to pay Plaintiff any of his commissions.

## ALLEGATIONS COMMON TO ALL COUNTS

4. Traded on the NASDAQ exchange since it went public on March 28, 2007, Defendant operates in the field of business process outsourcing ("BPO"), providing its clients with domestic and/or overseas telephone banks manned with employees trained to provide services ranging from technical support to warranty support to customer service to sales, and other similar services.

5. From March 2004 until April 17, 2007, Plaintiff was a commission salesman for Defendant.

6. Defendant's sales cycle typically lasts between 6 and 18 months. This is because potential clients require that Defendant spend substantial time educating the client and assessing the feasibility of integrating Defendant's outsourced processes with the client's, and because purchasing decisions for Defendant's BPO services typically involve multiple client personnel from varied functional areas, such as customer acquisition, technology, operations, finance, customer service, and others, each having detailed requirements.

7. Following the long sales cycle, the implementation cycle is also long. It generally takes from 4 to 6 weeks t integrate a client's systems with Defendant's and up to 3 months thereafter to ramp up services to the client's initial requirements.

8. Thus, even after prospects are identified and sales contact made with appropriate executives of potential clients, Defendant's salespersons work between 1 and 2 years on an account before it begins to generate revenue for the Defendant.

9. Under Defendant's various commission policies in place over the years, its salespersons, like Plaintiff, are not paid commissions on their sales until the revenue stream begins and are paid a percentage of that revenue for the first two years the revenue is generated.

10. After starting with Defendant in March 2004, Plaintiff's diligent sales efforts bore fruit over the next 18 months to two years, especially with the addition of major new client programs sold by Plaintiff beginning to generate revenue for Defendant in late 2005 and early 2006. By the end of 2006, Plaintiff was the second largest revenue producer in Defendant's sales force, after Victor Sese, Defendant's largest producer.

11. With most of his earned commissions on these sold client programs scheduled to be paid to him by Defendant in 2007 and 2008, and with all of his work on these client programs already completed, Defendant terminated Plaintiff April 17, 2007 and has refused to pay him any commissions since the last quarter of 2006.

12. Defendant's firing of Plaintiff came on the eve of closing a major deal with Morgan Stanley Discover on which Plaintiff was the commission salesperson and on which Plaintiff had worked since early 2006.

13. Remarkably, Defendant did the same thing to Victor Sese, firing him the same day as Plaintiff and refusing to pay him any commissions after December 2006, thereby attempting to eliminate in a single day Defendant's two largest commission salespersons before most of their commission payments came due on sales already completed and/or substantially completed and about to close.

14. These firings took place just 3 weeks after Defendant went public in its March 28, 2007 IPO.

15. Defendant's conduct had the effect of avoiding the payment to these salespersons of several million dollars in commissions, representing a significant percentage of Defendant's most recent annual earnings figure of approximately $19 million in 2006.

16. On information and belief, Defendant's management personnel involved in Plaintiff's firing personally stood to benefit from the additional earnings realized by the attempted savings in commissions by virtue of stock or stock options grants exercisable

3

following the end of the lock-up period after the March 28, 2007 IPO, or other compensation mechanisms tied to earnings.

17. In sum, Defendant: (a) has failed to pay Plaintiff commissions owed prior to firing in bad faith, (b) fired Plaintiff for the purpose of attempting to avoid payment to him of commissions on client programs already in place, and (c) fired Plaintiff for the purpose of attempting to eliminate his receipt of any commissions on Plaintiff's deals, such as Morgan Stanley Discover and Sprint, on which he'd worked for almost a year and were about to close.

## PARTIES, JURISDICTION AND VENUE

18. Plaintiff James Dreyfuss is an individual who at all times material hereto was a citizen of the State of New York employed in the State of New York by Defendant, working out of Mr. Dreyfuss's home office located in Manhattan.

19. Defendant is, on information and belief, a corporation chartered under the laws of the State of Delaware, with its domestic headquarters located in the Scottsdale, Arizona.

20. *In personam* jurisdiction exists over Defendant by virtue of the facts that Defendant employed Plaintiff within this District and conducted substantial business within this District through Plaintiff as its regional sales employee.

21. Subject matter jurisdiction is vested in this Court by virtue of 28 U.S.C.§1332 in that Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00.

22. Venue is proper in this Court under 28 U.S.C.§1391.

## FIRST COUNT
(Breach of 2004 Contract)

23. Plaintiff repeats and realleges the allegations of the preceding paragraphs as though fully set forth herein.

24. Plaintiff and Defendant are parties to a valid contract of employment memorialized in an employment letter with attachments dated March 18, 2004 (the "2004 Contract").

25. Plaintiff has fully performed under the 2004 Contract.

26. Defendant has breached the 2004 Contract by failing to pay certain commissions at all, failing to pay other commissions in full, and failing to pay other commissions timely.

27. Defendant's breaches of the 2004 Contract were material breaches.

28. As the direct and proximate result of Defendant's material breaches of the 2004 Contract, Plaintiff has suffered damages in an amount to be proved at trial.

## SECOND COUNT
(Breach of 2006 Contract)

29. Plaintiff repeats and realleges the allegations of the preceding paragraphs as though fully set forth herein.

30. Plaintiff and Defendant are parties to a valid contract of employment memorialized in an employment letter with attachments executed by Plaintiff on about October 4, 2006 (the "2006 Contract").

31. Plaintiff has fully performed under the 2006 Contract.

32. Defendant has breached the 2006 Contract by failing to pay certain commissions at all, failing to pay other commissions in full, and failing to pay other commissions timely.

33. Defendant's breaches of the 2006 Contract were material breaches.

34. As the direct and proximate result of Defendant's material breaches of the 2006 Contract, Plaintiff has suffered damages in an amount to be proved at trial.

### THIRD COUNT
(Violation of N.Y. Labor Law §§190 et seq.)

35. Plaintiff repeats and realleges the allegations of the preceding paragraphs as though fully set forth herein.

36. Under the 2004 Contract, commissions were to be paid monthly on or before the 10th of the month on all collected revenue from the previous month.

37. Defendant's payments of certain commissions to Plaintiff under the 2004 Contract were untimely under the 2004 Contract.

38. Defendant's payments of certain commissions to Plaintiff under the 2004 Contract were untimely in violation of N.Y. Labor Law §§ 190 et seq.

39. Further, Defendant has failed to pay substantial commissions under the 2004 Contract in violation of N.Y. Labor Law §§ 190 et seq.

40. Under the 2006 Contract, commissions were to be paid within 30 days from the end of the calendar quarter on invoiced commissionable revenue from the prior calendar quarter, subject to adjustment for actual collections.

41. Defendant's payments of certain commissions to Plaintiff under the 2006 Contract were untimely under the 2006 Contract.

42. Defendant's payments of certain commissions to Plaintiff under the 2006 Contract were untimely in violation of N.Y. Labor Law §§ 190 et seq.

43. Further, Defendant has failed to pay substantial commissions under the 2006 Contract in violation of N.Y. Labor Law §§ 190 et seq.

44. Defendant was obligated to pay Plaintiff commissions on revenues from programs sold by Plaintiff in 2007.

45. Defendant has failed to pay Plaintiff any commissions on revenues from programs sold by Plaintiff in 2007.

46. Defendant's untimely commission payments described above were willful.

47. Defendant's failures to pay commissions as described above were willful.

48. As the direct and proximate result of Defendant's conduct, Plaintiff has been damaged in an amount to be proved at trial.

### FOURTH COUNT
(Quantum Meruit)

49. Plaintiff repeats and realleges the allegations of the preceding paragraphs as though fully set forth herein.

50. Following the expiration, by its terms, of the 2006 Contract on December 31, 2006, Plaintiff undertook work for the Defendant as its employee in the form and of the kind Plaintiff had been providing to Defendant as a salesperson since March 2004.

51. Plaintiff undertook such work with the reasonable expectation of compensation at or about the compensation levels Plaintiff had been receiving for comparable work he'd performed for Defendant under the 2004 Contract and under the 2006 Contract.

52. Defendant accepted Plaintiff's work in 2007 with the awareness that Plaintiff expected to be compensated for such work at or about the compensation levels that Plaintiff had been receiving for work he had performed for the Defendant under the 2004 Contract and under the 2006 Contract.

53. Defendant materially benefited from Plaintiff's work undertaken in 2007, which was valuable to Defendant in bringing about revenues.

54. Plaintiff has not been compensated adequately for his above-described work in 2007 on behalf of Defendant as its commission sales employee.

55. Plaintiff is entitled to recover the reasonable value of his services undertaken in 2007, as described above, in an amount to be proved at trial.

### FIFTH COUNT
(Unjust Enrichment)

56. Plaintiff repeats and realleges the allegations of the preceding paragraphs as though fully set forth herein.

57. As set forth above, the sales and implementation cycles for Defendant's products and services are long, spanning between one and two years from initial sales presentations to first revenues.

58. As a commission salesperson in Defendant's employ, Plaintiff worked to sell and implement Defendant's products and service through the lengthy sales and implementation cycles in exchange for compensation of which the largest part by far was commissions based on revenues.

59. Plaintiff was fired by Defendant at a time when most of the commissions from Plaintiff's sales were still due to be paid throughout 2007 and 2008.

60. Defendant thus reaped the benefits of Plaintiff's sales and sales efforts in respect of Defendant's products and services while attempting to avoid paying Plaintiff commissions on those sales by firing him before those commissions were due.

61. Defendant's firing of Plaintiff was with the primary purpose and intent of depriving him of his earned commissions.

62. Accordingly, Defendant's conduct, if permitted to stand, would result in Defendant's unjust enrichment by an amount to be proved at trial.

## SIXTH COUNT
(Breach of the Covenant of Good Faith and Fair Dealing)

63. Plaintiff repeats and realleges the allegations of the preceding paragraphs as though fully set forth herein.

64. Implied in all contracts, such as those between Plaintiff and Defendant herein, written, oral or implied, is a covenant that one contracting party will not deprive the other, in bad faith, of benefits to be garnered under the contract.

65. Defendant's firing of Plaintiff was a bad faith attempt to deprive Plaintiff of his earned commissions.

66. By terminating Plaintiff's employment under the circumstances alleged herein, Defendant will deprive Plaintiff, in bad faith, of the commissions he would have earned under the contracts, written, oral or implied, as alleged herein.

67. As a direct and proximate result of Defendant's bad faith conduct, Plaintiff has been damaged in the form of unpaid commissions in an amount to be proved at trial.

## SEVENTH COUNT
(Promissory Estoppel)

68. Plaintiff repeats and realleges the allegations of the preceding paragraphs as though fully set forth herein.

69. At various times throughout his employment by Defendant as a commission salesperson, Defendant's authorized representatives as Plaintiff's immediate superior made promises to Plaintiff that the terms governing Plaintiff's entitlement to commissions for sales he made would, through the commissionable life of the deal, remain those terms in place at the time of the sale.

70. These promises were made orally as well as in writing.

71. Plaintiff relied on these promises to his detriment.

9

72.  Defendant has breached these promises to Plaintiff by failing and refusing to pay the remainder of the commissions due Plaintiff.

73.  Defendant's breaches of these promises were material breaches.

74.  As the direct and proximate result of Defendant's material breaches of these promises, Plaintiff has been damaged in an amount to be proved at trial.

### PRAYER FOR RELIEF

WHEREFORE Plaintiff prays this Court award Plaintiff judgment against Defendant as follows:

1.  For compensatory damages in an amount to be proved at trial;

2.  For penalties pursuant to N.Y. Labor Law §198, including liquidated damages equal to 25% of the total amount of the wages found to be due;

3.  For pre- and post-judgment interest at the New York statutory rate of 9% per annum;

4.  For costs and expenses of suit, including reasonable attorney's fees, pursuant to N.Y. Labor Law §198

5.  For such other and further relief as to this court appears just and proper.

Dated:   New York, New York
         February 4, 2008            Respectfully,

                                     FEIN & JAKAB
                                     THE WOOLWORTH BUILDING
                                     233 Broadway • Suite 930
                                     New York, NY 10279
                                     (212) 732-9200

                                     By: _____
                                          PETER JAKAB (PJ-8553)
                                     *Attorneys for Plaintiff*
                                     JAMES DREYFUSS

10

Peter Jakab (PJ-8553)
FEIN & JAKAB
THE WOOLWORTH BUILDING
233 Broadway • Suite 930
New York, NY 10279
212 732 9290 Ph
212 227 6479 Fx
*Attorneys for Plaintiff*
JAMES DREYFUSS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES DREYFUSS,<br><br>                     Plaintiff,<br><br>- against -<br><br>ETELECARE GLOBAL SOLUTIONS-US, INC., a Delaware corporation,<br><br>                    Defendant. | ECF CASE<br><br>Case No.:<br><br>**DEMAND FOR TRIAL BY JURY** |

Plaintiff, James Dreyfuss, by and through his attorneys undersigned, pursuant to Federal Rule of Civil Procedure 38, hereby demands trial by jury of all claims and issues so triable.

Dated:    New York, New York
            February 4, 2008         Respectfully,

                                            FEIN & JAKAB
                                            THE WOOLWORTH BUILDING
                                            233 Broadway • Suite 930
                                            New York, NY 10279
                                            (212) 732-9290

                                            By: _____
                                                   PETER JAKAB (PJ-8553)
                                            *Attorneys for Plaintiff*
                                            JAMES DREYFUSS

JUDGE SULLIVAN

**08 CV 1115**

JS 44C/SDNY
REV. 12/2005

CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

PLAINTIFFS JAMES DREYFUSS

DEFENDANTS ETELECARE GLOBAL SOLUTIONS--US, INC.

ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER
FEIN & JAKAB, 233 Broadway - Suite 930, New York, NY 10279, (212) 732-9290

ATTORNEYS (IF KNOWN)

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
Breach of Contract, Failure to pay Wages

Has this or a similar case been previously filed in SDNY at any time? No [X]   Yes? [ ]   Judge Previously Assigned

If yes, was this case  Vol.[ ]  Invol. [ ]  Dismissed.  No [ ]  Yes [ ]  If yes, give date _____ & Case No. _____

(PLACE AN [x] IN ONE BOX ONLY)                    NATURE OF SUIT

                                                                                        ACTIONS UNDER STATUTES

**TORTS**                                                    **FORFEITURE/PENALTY**    **BANKRUPTCY**              **OTHER STATUTES**

**CONTRACT**              **PERSONAL INJURY**    **PERSONAL INJURY**
                                                                         [ ] 610  AGRICULTURE        [ ] 422  APPEAL            [ ] 400  STATE
                                                                         [ ] 620  FOOD & DRUG                28 USC 158                 REAPPORTIONMENT
[ ] 110 INSURANCE         [ ] 310 AIRPLANE             [ ] 362 PERSONAL INJURY - [ ] 625  DRUG RELATED      [ ] 423  WITHDRAWAL      [ ] 410  ANTITRUST
[ ] 120 MARINE            [ ] 315 AIRPLANE PRODUCT             MED MALPRACTICE           SEIZURE OF                  28 USC 157        [ ] 430  BANKS & BANKING
[ ] 130 MILLER ACT                LIABILITY            [ ] 365 PERSONAL INJURY           PROPERTY                                      [ ] 450  COMMERCE/ICC
[ ] 140 NEGOTIABLE        [ ] 320 ASSAULT, LIBEL &             PRODUCT LIABILITY         21 USC 881                                             RATES/ETC
        INSTRUMENT                SLANDER              [ ] 368 ASBESTOS PERSONAL [ ] 630  LIQUOR LAWS       **PROPERTY RIGHTS**       [ ] 460  DEPORTATION
[ ] 150 RECOVERY OF       [ ] 330 FEDERAL                      INJURY PRODUCT     [ ] 640  RR & TRUCK                                  [ ] 470  RACKETEER INFLU-
        OVERPAYMENT &             EMPLOYERS'                   LIABILITY          [ ] 650  AIRLINE REGS     [ ] 820  COPYRIGHTS                ENCED & CORRUPT
        ENFORCEMENT OF            LIABILITY                                       [ ] 660  OCCUPATIONAL     [ ] 830  PATENT                    ORGANIZATION ACT
        JUDGMENT          [ ] 340 MARINE             **PERSONAL PROPERTY**                 SAFETY/HEALTH    [ ] 840  TRADEMARK                 (RICO)
[ ] 151 MEDICARE ACT      [ ] 345 MARINE PRODUCT                                 [ ] 690  OTHER                                        [ ] 480  CONSUMER CREDIT
[ ] 152 RECOVERY OF               LIABILITY            [ ] 370 OTHER FRAUD                                                             [ ] 490  CABLE/SATELLITE T
        DEFAULTED         [ ] 350 MOTOR VEHICLE       [ ] 371 TRUTH IN LENDING                             **SOCIAL SECURITY**        [ ] 810  SELECTIVE SERVICE
        STUDENT LOANS     [ ] 355 MOTOR VEHICLE       [ ] 380 OTHER PERSONAL    **LABOR**                                             [ ] 850  SECURITIES/
        (EXCL VETERANS)           PRODUCT LIABILITY            PROPERTY DAMAGE                             [ ] 861  MIA (1395FF)               COMMODITIES/
[ ] 153 RECOVERY OF       [ ] 360 OTHER PERSONAL      [ ] 385 PROPERTY DAMAGE   [ ] 710  FAIR LABOR        [ ] 862  BLACK LUNG (923)           EXCHANGE
        OVERPAYMENT OF            INJURY                       PRODUCT LIABILITY         STANDARDS ACT     [ ] 863  DIWC (405(g))     [ ] 875  CUSTOMER
        VETERANS BENEFITS                                                        [ ] 720  LABOR/MGMT       [ ] 863  DIWW (405(g))              CHALLENGE
[ ] 160 STOCKHOLDERS SUITS                                                               RELATIONS        [ ] 864  SSID TITLE XVI             12 USC 3410
[X] 190 OTHER CONTRACT                                                           [ ] 730  LABOR/MGMT       [ ] 865  RSI (405(g))      [ ] 891  AGRICULTURE ACTS
[ ] 195 CONTRACT PRODUCT                                                                 REPORTING &                                  [ ] 892  ECONOMIC
        LIABILITY                                                                        DISCLOSURE ACT                                        STABILIZATION ACT
[ ] 196 FRANCHISE                                                                [ ] 740  RAILWAY LABOR ACT **FEDERAL TAX SUITS**    [ ] 893  ENVIRONMENTAL
                                                                                [ ] 790  OTHER LABOR                                         MATTERS
                          **ACTIONS UNDER STATUTES**                                     LITIGATION        [ ] 870  TAXES             [ ] 894  ENERGY
**REAL PROPERTY**        **CIVIL RIGHTS**            **PRISONER PETITIONS**     [ ] 791  EMPL RET INC      [ ] 871  IRS-THIRD PARTY           ALLOCATION ACT
                                                                                         SECURITY ACT              20 USC 7609        [ ] 895  FREEDOM OF
[ ] 210 LAND CONDEMNATION [ ] 441 VOTING              [ ] 510 MOTIONS TO                                                                       INFORMATION ACT
[ ] 220 FORECLOSURE       [ ] 442 EMPLOYMENT                   VACATE SENTENCE                                                         [ ] 900  APPEAL OF FEE
[ ] 230 RENT LEASE &      [ ] 443 HOUSING                      28 USC 2255                                                                      DETERMINATION
        EJECTMENT                 ACCOMMODATIONS      [ ] 530 HABEAS CORPUS                                                                    UNDER EQUAL ACC
[ ] 240 TORTS TO LAND     [ ] 444 WELFARE             [ ] 535 DEATH PENALTY                                                                    TO JUSTICE
[ ] 246 TORT PRODUCT      [ ] 445 AMERICANS WITH      [ ] 540 MANDAMUS & OTHER                                                        [ ] 950  CONSTITUTIONALIT
        LIABILITY                 DISABILITIES -      [ ] 550 CIVIL RIGHTS                          FEB 0 4 2008                               OF STATE STATUTE
[ ] 290 ALL OTHER                 EMPLOYMENT          [ ] 555 PRISON CONDITION                                                         [ ] 890  OTHER STATUTORY
        REAL PROPERTY    [ ] 446 AMERICANS WITH                                                                                                ACTIONS
                                 DISABILITIES -OTHER                                              U.S.D.C. S.D.N.Y.
                         [ ] 440 OTHER CIVIL RIGHTS                                                   CASHIERS

Check if demanded in complaint:

CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.?
IF SO, STATE:

DEMAND $_____  OTHER _____       JUDGE _____                                _ DOCKET NUMBER_

Check YES only if demanded in complaint
JURY DEMAND: [X] YES [ ] NO                     NOTE: Please submit at the time of filing an explanation of why cases are deemed related.

(SEE REVERSE)

| (PLACE AN x IN ONE BOX ONLY) | | ORIGIN | | | | | |
|---|---|---|---|---|---|---|---|
| [X] 1 Original Proceeding | [ ] 2a. Removed from State Court [ ] 2b. Removed from State Court AND at least one party is a pro se litigant | [ ] 3 Remanded from Appellate Court | [ ] 4 Reinstated or Reopened | [ ] 5 Transferred from (Specify District) | [ ] 6 Multidistrict Litigation | [ ] 7 Appeal to District Judge from Magistrate Judge Judgment | |

| (PLACE AN x IN ONE BOX ONLY) | BASIS OF JURISDICTION | | IF DIVERSITY, INDICATE CITIZENSHIP BELOW. (28 USC 1332, 1441) |
|---|---|---|---|
| [ ] 1 U.S. PLAINTIFF   [ ] 2 U.S. DEFENDANT | [ ] 3 FEDERAL QUESTION (U.S. NOT A PARTY) | [X] 4 DIVERSITY | |

CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF DEF | | PTF DEF | | PTF DEF |
|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ]1 [ ]1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ]3 [ ]3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ]5 [ ]5 |
| CITIZEN OF ANOTHER STATE | [ ]2 [ ]2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ]4 [ ]4 | FOREIGN NATION | [ ]6 [ ]6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)
JAMES DREYFUSS, NEW YORK COUNTY

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)
ETELECARE GLOBAL SOLUTIONS--US, INC., a Delaware corporation with principal offices located at 8901 E. Raintree, Suite 100, Scottsdale, AZ, 85260

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one:   THIS ACTION SHOULD BE ASSIGNED TO:   [ ] WHITE PLAINS   [X] FOLEY SQUARE
(DO NOT check either box if this a PRISONER PETITION.)

DATE 2/4/08   SIGNATURE OF ATTORNEY OF RECORD   ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
RECEIPT #   [ ] YES (DATE ADMITTED Mo. March  Yr. 1996 )
Attorney Bar Code #

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

J Michael McMahon, Clerk of Court by _____ Deputy Clerk, DATED _____

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

# EXHIBIT B

**Marks, Andrew P.**

---

**From:** Peter Jakab [pjakab@earthlink.net]
**Sent:** Tuesday, April 15, 2008 9:50 AM
**To:** Marks, Andrew P.
**Subject:** Re: Dreyfuss v. Etelecare

Thank you for your proposal below, which we will consider. But an accurate statement of my position based on what you have shown me is this:

The document you have advanced as the "arbitration agreement" was never seen or signed by Mr. Dreyfuss nor was it signed by your client. You have admitted that your client just substituted pages 2 through 5 into it based on its belief that those pages were "the ones it was using in that timeframe." Mr. Dreyfuss strongly disagrees with this. While there apparently was a document that Mr. Dreyfuss was required to sign back in 2004 as a condition of his employment that addressed the subject of arbitration, you have not provided a copy of that document and Mr. Dreyfuss has no copy of it. Accordingly, I have no way of knowing its terms. Mr. Dreyfuss never received any document addressing the subject of arbitration signed by your client and has always believed there was none.


--Pete Jakab

Peter Jakab
FEIN & JAKAB
The Woolworth Building
233 Broadway : Suite 930
New York, NY 10279
212/732-9290 Ph
212/227-6479 Fx
pjakab@earthlink.net

4/16/2008

# EXHIBIT C

Case 1:08-cv-01115-RJS   Document 10-4   Filed 05/27/2008   Page 1 of 2

On Apr 14, 2008, at 2:32 PM, Marks, Andrew P. wrote:

> You have acknowledged that Mr. Dreyfuss agreed to arbitrate disputes with eTelecare but contend that he did not agree to the procedures contained in pages two through five. To avoid unnecessary time and expense associated with a motion to compel, we would agree to conduct the arbitration pursuant to the JAMS Employment Arbitration Rules and Procedures. Kindly provide the favor of your reply as soon as practicable.
>
> **Andrew P. Marks | Littler Mendelson, P.C.**
> The National Employment & Labor Law Firm®
>
> dir: 212.583.2661 | fax: 646.219.5794
> 885 Third Avenue | New York, New York 10022
> amarks@littler.com | www.littler.com